UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MEDICINE SHOPPE INTERNATIONAL, INC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 4:15-CV-1109-RLW |
| NUNYA BUSINESS SYSTEMS, INC., BRIAN J. PRATHER, and JODIE L. PRATHER, | ) ) ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Medicine Shoppe International, Inc.'s Motion for Preliminary Injunction in Aid of Arbitration ("Motion for Preliminary Injunction"; ECF No. 3). Specifically before this Court is whether the Court can consider Medicine Shoppe International, Inc.'s ("MSI") Motion for Preliminary Injunction during the pendency of the parties' arbitration. This matter is fully briefed and ready for disposition.

## **BACKGROUND**[1]

More than 18 months ago, Nunya Business Systems, Inc. ("Nunya") purported to terminate its License Agreement with MSI. MSI claims that it recently learned that Defendants removed their Medicine Shoppe Pharmacy signage and installed new signage identifying the pharmacy as "Bedford Wellness Pharmacy." In July 2015, MSI commenced an arbitration proceeding against Defendants and also commenced the instant litigation, wherein MSI seeks mandatory injunctive relief to force Defendants to comply with the terms of the License Agreement and operate their

---

[1] Due to the limited issue before the Court, the Court will not go into an extensive background of this case.

˘ 1 ˘

pharmacy as a Medicine Shoppe Pharmacy.

## STANDARD OF REVIEW

In a case involving the Federal Arbitration Act (FAA), 9 U.S.C. §§1-16, courts should not grant injunctive relief unless there is "qualifying contractual language" which permits it. *Manion v. Nagin*, 255 F.3d 535, 538-39 (8th Cir. 2001) (citing *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Hovey*, 726 F.2d 1286, 1292 (8th Cir. 1984)). The Eighth Circuit defined "qualifying contractual language" as "language which provides the court with clear grounds to grant relief without addressing the merits of the underlying arbitrable dispute." *Peabody Coalsales Co. v. Tampa Elec. Co.*, 36 F.3d 46, 48 (8th Cir. 1994). "This approach is consistent with the plain meaning of the FAA and the 'unmistakably clear congressional purpose that the arbitration procedure, when selected by the parties to a contract, be speedy and not subject to delay and obstruction in the courts.'" *Manion*, 255 F.3d 539 (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 726 F.2d at 1292 (citations omitted)).

## DISCUSSION

A key issue in the case before the court is whether the Agreement has "qualifying contractual language," which permits this Court to hear the motion for preliminary injunction while the parties are in arbitration with the AAA. Both parties cite to Section 14(F) and Section 14(I) to support their positions. Section 14(F) of the License Agreement states as follows:

> **INJUNCTIVE RELIEF**. Nothing contained in this Agreement will bar us or you from obtaining a temporary restraining order or preliminary injunctive relief against threatened or actual conduct that would cause us or you irreparable loss or damages. We and you agree that either of us may have such a temporary restraining order or injunctive relief, if warranted, pending a final determination of the merits of any disputed issue in arbitration as provided, in Paragraph G below ... You also agree that the court may issue a temporary restraining order ore preliminary injunction that is mandatory in nature if such order or relief is necessary to ensure the operation of your Pharmacy as a MEDICINE SHOPPE Pharmacy pursuant to the terms of this Agreement.

(ECF No. 1-2 at 28).

Section 14(I) of the License Agreement provides:

> **FORUM AND VENUE**. We, you and your owners hereby agree that any action for a preliminary injunction, to compel arbitration or to enforce an arbitrator's award shall be brought only in the federal District Court for the Eastern District of Missouri, in St. Louis, Missouri, unless such court shall lack jurisdiction, in which case such action shall be brought only in the state courts in St. Louis County, Missouri …

(ECF No. 1-2 at 29).

MSI relies heavily on the decision of the district court to grant a temporary restraining order and preliminary injunction in *Medicine Shoppe International v. Senkbeil*, No. 4:13 cv532 (E.D. Mo. 2013). There, the district court found the purpose of Sections 14(F) and 14(I) was "to allow for the status quo to be maintained while the parties' underlying disputes can be resolved in arbitration." (ECF No. 4 at 12). However, the district court provided no written opinion and the district court's rationale was never evaluated by the Eighth Circuit.[2]

Defendants argue that MSI's request for injunctive relief is unprecedented because MSI seeks an injunction to require specific performance of a personal services contract. (ECF No. 17 at 3). Defendants also argue that the License Agreement does not contain qualifying language which would allow the Court to consider MSI's request for injunctive relief. (ECF No. 17 at 11-13).

The Court holds that it lacks authority to review MSI's request for injunctive relief. See *Clarus Med., LLC v. Myelotec, Inc.*, No. CIV. 05-934DWFFLN, 2005 WL 2206125, at *3 (D. Minn. Sept. 9, 2005) ("The Court finds that the language in the License at issue here is insufficient to allow the Court authority to consider Clarus's request for injunctive relief. The language of the License that allows for injunctive relief is a general clause and does not specify the grounds upon

---

[2] The parties in *Senkbeil* reached a settlement during the pendency of their appeal. (ECF No. 17 at 2, n. 3).

which the Court may grant such relief. ... Nor does it allow the Court to grant relief without the Court addressing the merits of the underlying dispute."). The Court finds that any analysis of the *Dataphase*[3] factors by this Court to determine whether an injunction is warranted to maintain the status quo would involve a review of the merits. To determine the likelihood of success on the merits, questions regarding the validity of Nunya's termination of the License Agreement must be examined. Consequently, injunctive relief concerning the post-termination obligations of the parties cannot be ordered without the Court entangling itself in the merits of the claims of the parties regarding the validity of the termination and the related conduct of the parties. *See Eco Water Sys., LLC v. KRIS, Inc.*, No. CIV 06-3105 DSD/JJG, 2007 WL 1321851, at *5 (D. Minn. May 4, 2007). These are arbitrable issues and such inquiry by the Court would be incompatible with the parties' arbitration agreement set forth in Article 14(G). Because a review of the merits is within the sole purview of the arbitrator, the Court cannot perform such a review.

Further, the Court finds that the License Agreement does not contain "qualifying language" the permits the Court to consider the request for injunctive relief without addressing the merits of the request. *Cf. Peabody Coalsales Co.*, 36 F.3d at 47 (holding the contract contained appropriate qualifying language: "Unless otherwise agreed in writing by Buyer and Seller, performance of their respective obligations under this Agreement shall be continued in full by the parties during the dispute resolution process...."); *Manion*, 255 F.3d at 539 (quoting *Peabody Coalsales Co.*, 36 F.3d at 47, n. 3) ("Careful examination of the Agreement here leads to the conclusion that it does not contain qualifying language to provide 'clear grounds to grant relief

---

[3] *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) ("Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.")

without addressing the merits of the underlying dispute.'"). MSI reads Section 14(F) as permitting the Court to issue an injunction to "ensure the operation of your Pharmacy as a Medicine Shoppe Pharmacy pursuant to the terms of this Agreement." (ECF No. 4 at 12; ECF No. 20 at 8). However, the Court determines that this is not qualifying language because it does not mandate continued performance during the arbitration process. *See Manion*, 255 F.3d at 539 ("It is true that the Agreement contemplates the possibility of interim judicial relief in the event of a dispute between the parties. It does not provide that a party is automatically entitled to injunctive relief, however, but only that a party may *request* such relief. Unlike the *Peabody* contract, it does not specify that the parties' 'respective obligations ... shall be continued in full by the parties during the dispute resolution process.'"). The Court holds that the "if warranted" caveat in Section 14(F) also supports denying preliminary injunctive relief by the Court because the Court would be required to engaged in a merits determination regarding whether an injunction is "warranted." As previously stated, a merits determination is not permitted during the pendency of a FAA arbitration.

Accordingly,

**IT IS HEREBY ORDERED** that Medicine Shoppe International, Inc.'s Motion for Preliminary Injunction in Aid of Arbitration (ECF No. 3) is **DENIED** because the Court does not have authority to consider MSI's request for injunctive relief. This matter is stayed pending resolution of the arbitration process. The parties shall jointly submit a notice updating the Court on the status of this case no later than ten (10) days following the completion of arbitration.

Dated this 9th day of November, 2015.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE